**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| **OCTAVIUS DAVIS,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.:** |
| | ) | |
| **vs.** | ) | _____ |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant** | ) | |
| | ) | |

<u>**COMPLAINT**</u>

**COMES NOW** OCTAVIUS DAVIS, Plaintiff, and brings this Complaint against the above-named Defendant, showing the Court the following:

### I.     PROCEDURAL FACTS

1. Plaintiff is a resident of Columbia County, Georgia, and submits himself to the jurisdiction of this Court.

2. Defendant United States of America, through the Department of the Army, operates a military installation known as Fort Gordon (formerly Fort Eisenhower) in Augusta, GA. Pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure, copies of Plaintiff's Summons and Complaint shall be served via certified mail upon the **Attorney General**, Mr. Todd Blanche, at the U.S. Department of Justice, located at 950 Pennsylvania Avenue NW, Washington, DC 20530, and upon the **U.S. Attorney for the Southern District of Georgia**, Mrs. Margaret Heap, at 600 James Brown Boulevard, Suite 200, Augusta, GA 30901.

3. This is an action brought pursuant to the Federal Tort Claims Act, and thus this Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(b) as well as

1

jurisdiction over any relevant Georgia state law claims pursuant to 28 U.S.C. §1367.

4. Jurisdiction and venue are also proper in this Court, as all parties are Georgia residents, and the acts and omissions giving rise to Plaintiff's Complaint arose in Richmond County, Georgia.

5. Plaintiff has satisfied the jurisdictional prerequisite of 28 U.S.C. §2675(a) by the timely filing of administrative claims against the United States of America, by and through the Department of the Army. The parties have been unable to resolve the aforesaid claims through settlement, and as the six (6) month time period for settlement of this matter has expired (Defendant having received Plaintiff's tort claim on April 14, 2025), the filing of this Complaint is timely pursuant to the Federal Tort Claims Act.

## II. FACTS

6. Plaintiff incorporates as if realleged herein Paragraphs 1 through 5 of his Complaint.

7. On December 10, 2024, Plaintiff was leaving the Fort Gordon Commissary and pushing his grocery cart down a nearby ramp when he suddenly slipped, lost his balance, and fell down said ramp; he felt a "pop" in his right leg as he fell, and it was several minutes before he was able to walk again, and even then he could only walk with the assistance of others.

8. Plaintiff fell because he had been walking down a ramp that had become wet due to rainfall earlier that day, and there were no caution signs, mats, or any other traction or safety aids in place to help prevent patrons such as Plaintiff from falling.

9. Mr. Davis sought treatment at Charlie Norwood VA Medical Center the next day due to constant right lower extremity pain that rated a "10" on a 1 to 10 scale; he underwent right hip, pelvic, and lumbar x-rays on December 11, 2024, the latter of which revealed L5-S1 degenerative disc changes with anterior osteophytosis, and his care providers ultimately diagnosed him as having sustained a strain of right thigh muscles, fascia, and tendons of the posterior muscle group secondary to slipping, falling and subsequently striking another object.

10. Plaintiff also underwent a December 20, 2024 hamstring/femur MRI at the VA Medical Center that revealed a high-grade injury linear complete tearing of the right semitendinosus tendon and long head biceps femoris tendon with discontinuity of the fibers throughout the mid segment.

11. Mr. Davis also underwent physical therapy at the VA Medical Center as a result of the foregoing fall.

12. Plaintiff subsequently treated at Synergy Spine & Joint Centers, where he presented with right hamstring spasms and pain that rated between "7" and "9" on a 1 to 10 scale; at the time of his July 29, 2025 visit, his care providers observed that he walked with the aid of a cane.

13. A July 30, 2025 MRI revealed a partial tear of Mr. Davis's right adductor magnus tendon.

14. Despite the treatments he received, Plaintiff still contended with right hamstring pain at the time he was discharged from the Synergy Spine physicians' care.

15. As a further result of the aforesaid fall, Plaintiff incurred the following medical expenses:

| SERVICE PROVIDER: | DATE(S) OF SERVICE: | CHARGE: |
|---|---|---|
| Charlie Norwood VA Med. Ctr. | 12/11/24—4/17/25 | $ 4,500.00 (est.) |
| Synergy Spine and Joint Ctr. | 7/1/25—9/25/25 | $ 4,250.00 |

**TOTAL MEDICAL EXPENSES**:                                        **$8,750.00**

## I.     ENUMERATION OF CLAIMS

### A.  NEGLIGENCE/GROSS NEGLIGENCE

16. Plaintiff incorporates as if realleged herein Paragraphs 1 through 15 of his Complaint.

17. It is well-established that one commits an act of negligence against another when he or she owes a duty of care to another, fails to act pursuant to that duty, and the other person is injured as a result of such a deficiency.

18. It is also well established that a tortfeasor will be deemed more culpable for an individual's injuries if his or her actions are in fact tantamount to gross negligence, which is defined in O.C.G.A. §51-1-4 as the absence of slight diligence, which is "that degree of care which every man...however inattentive he may be, exercises under the same or similar circumstances."

19. By failing to ensure that there were caution signs, mats, or some other form of traction aids in place to help prevent patrons such as Plaintiff from falling, the Fort Gordon Commissary employees engaged in actionable negligence within the meaning of O.C.G.A. §51-1-2.

20. Furthermore, the Commissary employees' actions are tantamount to gross negligence, as they failed to exercise the degree of care that a person similarly situated, exercising the slightest diligence, would have exhibited.

4

21. For all the foregoing reasons, Defendant's employees committed actionable simple and gross negligence, and Plaintiff has a right to recover for all injuries and expenses incurred as a result of the same.

### B. *NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

22. Plaintiff incorporates as if realleged herein Paragraphs 1 through 21 of his Complaint.

23. By failing to ensure that there were caution signs, mats, or some other form of traction aids in place to help prevent patrons such as Plaintiff from falling, despite knowing the extremely high probability of a serious or catastrophic accident occurring as a result of their failure to do so, Defendant's employees engaged in extreme and outrageous conduct.

24. As a result of the Fort Gordon Commissary employees' actions, Plaintiff suffered severe emotional distress in addition to sustaining substantial physical injuries.

25. For all the foregoing reasons, the Commissary employees' actions constituted actionable negligent infliction of emotional distress.

### C. *COUNT III: RESPONDEAT SUPERIOR*

26. Plaintiff incorporates as if realleged herein Paragraphs 1 through 25 of his Complaint.

27. At all times relevant to this Action, the Fort Gordon Commissary's employees were acting within the scope of their employment with Fort Gordon, GA.

28. The injuries complained of herein took place on premises controlled, owned and operated by Defendant United States of America.

29. At all times relevant to this Action, Fort Gordon's Commissary held itself out as an entity staffed by employees competent to carry out their work duties without harming individuals such as Plaintiff.

30. For all the foregoing reasons, the United States of America, through the actions of the Fort Gordon Commissary's personnel, is vicariously liable for the acts and omissions of said personnel—with such acts and omissions being duly alleged in the foregoing paragraphs—under the vicarious liability doctrine of *respondeat superior* and pursuant to agency principles.

**WHEREFORE**, Plaintiff prays for the following relief:

a.  General Damages;

b.  Medical Expense Special Damages in the amount of **$8,750.00;** and

c.  Such other relief as the Court deems just and proper.

   **RESPECTFULLY SUBMITTED,**

   This 24th day of April, 2026.

                                    /s/Edwin A. Wilson
                                    EDWIN A. WILSON
                                    *Attorneys for Plaintiff*
                                    Georgia Bar No.:  143087

**FRAILS & WILSON, LLC**
211 Pleasant Home Road, Suite A-1
Augusta, GA 30907
Telephone:   706.855.6715
Facsimile:   706.855.7631
edwinwilson@frailswilsonlaw.com

6